**AFFIDAVIT**

I, Andrew Floriani, being duly sworn, state as follows:

*Introduction*

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, United States Border Patrol. I have been with the Border Patrol for more than 19 years. I am currently assigned to the Newport Border Patrol Station in Derby, Vermont.

2. This affidavit is offered to demonstrate that there is probable cause to believe that on June 8, 2025, Gao JIAN, an alien from China, entered the United States in Derby, Vermont, at a time or place other than as designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1).

3. The information contained in this affidavit is based on my training and experience, as well as my own investigation and information I received from other agents. This affidavit is intended to show that there is probable cause to believe that JIAN committed the foregoing offense and does not set forth all facts I know from my investigation into this matter. Any statements included herein are provided only in sum and substance and in part.

*Initial Investigation*

4. On June 8, 2025, at approximately 10:00 p.m., Swanton Sector Radio Communications ("dispatch") notified BPAs of a single individual walking on North Derby Road in Derby, Vermont, near the United States-Canada international border. There are multiple routes that are commonly used by human smugglers in the area of North Derby Road. The individual was seen walking toward the bike path that spans southward from the international border into Newport, Vermont. Dispatch also informed BPAs that the Royal Canadian Mounted Police had reported that a single individual had been observed in this same area. Dispatch provided a general

description of a male individual walking east. An image depicting the individual, shown below, was captured by a remote camera positioned approximately 25 yards from the international border.



5.      BPA Todd Marrs responded to the area in his marked Border Patrol vehicle equipped with lights and sirens. At approximately 10:15 p.m., BPA Marrs observed a four-door sedan bearing a New Jersey license plate driving south near the Cumberland Farms convenience store. BPA Marrs observed one individual driving and one individual in the back seat. BPA Marrs found it unusual that there was a rear passenger without anyone seated in the front passenger seat. BPA Marrs stopped the sedan near the Newport Fire Station.

6.      BPA Marrs approached the driver side of the vehicle, identified himself as a BPA, and asked the driver – later identified as Jing Da ZHENG – about his citizenship. ZHENG stated that he was a green card holder and that he spoke little English. BPA Marrs then asked ZHENG about the passenger in the back seat, later identified as JIAN, a citizen and national of China.

ZHENG stated that he did not know the passenger. BPA Marrs then asked JIAN about his citizenship. JIAN did not appear to understand the question. BPA Marrs asked JIAN if he understood English and he shook his head indicating "no." BPA Marrs asked JIAN if he was from China and Jian nodded indicating "yes."

7. BPA Marrs then radioed dispatch to request a more detailed description of the individual that was seen on camera. The description provided by dispatch matched the appearance of JIAN. BPA Marrs also observed that ZHENG's cell phone was displaying a map which marked a location near the remote camera that had captured JIAN's appearance approximately 15 minutes earlier. BPA Marrs then asked ZHENG if his passenger was from China. ZHENG stated that his passenger was from China and that the passenger didn't speak English. ZHEN also stated that he had been instructed by his boss to pick up the passenger.

8. JIAN was transported to the Newport Border Patrol Station. JIAN's fingerprints were scanned electronically and submitted to the Integrated Automated Fingerprint Identification System and the Automated Biometric Identification System. These are biometric databases that contain criminal and immigration records. Results from these submissions indicated that JIAN did not have any criminal history or immigration history in the United States. Accordingly, JIAN does not have any authorization to enter or remain in the United States.

9. The bike path area on North Derby Road and its vicinity do not constitute a time or place as designated by immigration officers to enter the United States. The nearest designated place of such entry, which was open at the time, is the Beebe Plain Port of Entry located approximately a mile-and-a-half to the east of the bike path.

## *Conclusion*

10. Based on the foregoing, there is probable cause to believe that, on June 8, 2025, in

the District of Vermont, Gao JIAN, an alien from China, entered the United States at a time or place other than as designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1).

Dated at Burlington, in the District of Vermont on this 10th day of June 2025.

ANDREW FLORIANI
BORDER PATROL AGENT
DEPARTMENT OF HOMELAND SECURITY

Sworn to and subscribed before me this 10th day of June, 2025.

HONORABLE KEVIN J. DOYLE
UNITED STATES MAGISTRATE JUDGE